UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MANUEL FRANCO,

                              Plaintiff,

    v.                                                  9:16-CV-0891
                                                         (GTS/ATB)

C.O. HELSLEY, et. al.,

                              Defendant(s).
_____

APPEARANCES:

MANUEL FRANCO
Plaintiff, pro se
777 Seaview Avenue
Staten Island, New York 10305

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Manuel Franco ("plaintiff") commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Compl."). At the time plaintiff filed the action, he was confined at Rockland Psychiatric Center. *See id.* In a Decision and Order filed September 20, 2016, the Court granted plaintiff's motion to proceed in forma pauperis and, following review of the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court determined that the complaint failed to state a claim upon which relief could be granted and, therefore, was subject to dismissal. Dkt. No. 12 (the "September Order"). The Court also denied plaintiff's motion for appointment of counsel. *Id.* at 9-10. In light of his pro

1

se status, plaintiff was afforded an opportunity to submit an amended complaint. Dkt. No. 12 at 10. Plaintiff was advised:

> . . .should plaintiff fail to comply with the terms of this Decision and Order, within the above-specified time period, this action shall be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted[.]

Dkt. No. 12 at 10.

On September 30, 2016 and October 6, 2016, the Court received four letters from plaintiff. Dkt. Nos. 13-16. In response, the Court issued a Text Order advising plaintiff that his submissions must comply with Local Rule 10.1. Dkt. No. 17. On October 24, 2016, the Court issued a Text Order directing the Clerk of the Court to provide plaintiff with an updated docket report, a copy of the complaint, the September Order, and a form complaint for use in Section 1983 actions. Dkt. No. 21. The Court extended plaintiff a second opportunity to comply with the September Order. *Id.* Plaintiff was directed to file an amended complaint on or before November 28, 2016. *Id.* On November 17, 2016, plaintiff filed a letter seeking information as to whether "the defendants have been notified as to the lawsuit." Dkt. No. 22. On November 21, 2016, the Court issued the following Text Order:

> The Court is in receipt of plaintiff's recent submission inquiring if the defendants have been notified of the action (Dkt. No. 22). On September 20, 2016 in Dkt. No. 12, Chief Judge Suddaby ordered plaintiff to file an amended complaint because the original complaint did not state a claim. Upon receipt of plaintiff's amended complaint, the Court will review the submission, and if the Court finds that the amended complaint complies with the required Federal and Local Rules, Plaintiff will be notified of his obligation(s) regarding service of the amended complaint on the defendants. Until plaintiff files, and the court approves, plaintiff's amended complaint, no defendants will be served. In light of plaintiff's pro se status, plaintiff is granted a FINAL extension of time until 12/28/16 to comply with the

2

> Court's Decision and Order, Dkt. No. 12. If plaintiff fails to file an amended complaint on or before 12/28/16, this action will be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, without further order of the Court. The Clerk of Court is directed to serve an updated copy of the docket on plaintiff with a courtesy copy of the Court's Decision and Order. The Clerk shall send plaintiff a form complaint available for use in Section 1983 actions.

Dkt. No. 23.

A copy of the Text Order was sent to plaintiff at Rockland Psychiatric Center on November 21, 2016. *See* Dkt. No. 23. On November 28, 2016, the Court received a letter from plaintiff that indicated that, as of November 22, 2016, he was still confined at Rockland Psychiatric Center. Dkt. No. 24 at 5. On December 16, 2016, the Court received mail (containing a docket sheet originally mailed on November 29, 2016) returned as "undeliverable" with a notation indicating that, on or before December 12, 2016, Plaintiff had acquired a new forwarding address at South Beach Psychiatric Center. Dkt. No. 25. On February 8, 2017, after plaintiff failed to file an amended complaint, the Court issued Judgment dismissing the action in accordance with the September Order. *See* Dkt. Nos. 26 and 27. A copy of the Text Order and Judgment were forwarded to plaintiff at Rockland Psychiatric Center and South Beach Psychiatric Center. *See id.*

Presently before the Court is plaintiff's motion to vacate the Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. Nos. 30 and 31 (submission in support). Plaintiff also filed a second motion for assignment of counsel. Dkt. No. 32.

3

## II.     MOTION TO VACATE JUDGMENT

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.** On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;
> (2)   newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)   fraud, misrepresentation, or misconduct;
> (4)   the judgment is void;
> (5)   the judgment has been satisfied, released, or discharged; or
> (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

While plaintiff does not specify the grounds under which he seeks to vacate the Judgment, construing his submission liberally, plaintiff requests relief under rule 60(b)(6) arguing "extraordinary circumstances." Rule 60(b)(6) is a "catch-all" provision that applies to "extraordinary circumstances" or "extreme hardship." *U.S. v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). The decision whether to afford relief rests with the "sound discretion of the district court." *Garcia v. Myears*, No. 13-CV-0965, 2015 WL 1015425, at *2 (W.D.N.Y. March 9, 2015). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citation and internal citations omitted).

Here, plaintiff filed the within motion on April 21, 2017, two and a half months after judgment was issued. Given the fact that plaintiff is pro se, the Court does not find the delay

4

to be unreasonable.  In support of his claim of "extraordinary circumstances," plaintiff alleges that he is "mentally unstable" and currently confined at South Beach Psychiatric Center. Dkt. No. 30 at 2-3.  He also claims that, from about December 24, 2016 until April 2017, plaintiff was confined in the Special Housing Unit ("SHU") at Rikers Island and did not have access to his legal files or the law library and could not prosecute this action.  Dkt. No. 30 at 2; Dkt. No. 31 at 1.  On or around April 2, 2017, plaintiff was released from Rikers Island and returned to South Beach Psychiatric Center.  Dkt. No. 31 at 1-2.  Plaintiff claims that his "paperwork" was "deliberately lost by this hospital" or "stolen" by "some worker."  Dkt. No. 30 at 3; Dkt. No. 31 at 1-2.

While the Court is not persuaded that Plaintiff was psychologically unable to file an amended complaint before December 29, 2016, it does find that he did not have access to a law library from about December 24, 2016, through December 28, 2016.  As a result, based upon a review of the motion and docket report, the Court grants plaintiff's motion to vacate the judgment.  Plaintiff is afforded one <u>FINAL</u> opportunity to comply with the September Order.  Plaintiff must file an amended complaint within fourteen (14) days of the date of this Decision and Order.  If plaintiff fails to file an amended complaint within that time period, this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, without further order of the Court.

### III. MOTION TO APPOINT COUNSEL

Plaintiff moves, for the second time, for the appointment of counsel.  Dkt. No. 32. Plaintiff claims that he is "mentally unstable."  *Id.* at 1.  In the September Order, the Court denied plaintiff's previous motion for the appointment of counsel, with leave to renew,

5

because the complaint failed to state a claim upon which relief could be granted. Dkt. No. 12 at 9.

The Court has reviewed plaintiff's second motion, with consideration of the factors outlined in the September Order, and finds no change of circumstances that would warrant appointment of counsel pro bono for the plaintiff at this time. Plaintiff's mental impairments have not prevented him from filing letters and motions. *See Candelaria v. Geifinger*, No. 96-CV-0017 (RSP/DS), 1998 WL 312375, at *2 (N.D.N.Y. June 8, 1998) (denying motion to appoint counsel as the plaintiff's health did not prevent him from effectively litigating the action.) Moreover, plaintiff's second request for counsel is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989). Even if the Court were to assume that plaintiff's claims are likely to be of substance, the relevant factors, as discussed in the September Order, would, and do, weigh against the granting of plaintiff's motion. At this juncture, it appears that the case does not present issues that are novel or more complex than those raised in most prisoner civil rights actions. *See Marino v. Koenigsmann*, No. 9:12-CV-1170 (GTS/RFT), 2014 WL 1239514, at *1 (N.D.N.Y. Mar. 25, 2014). For all of these reasons, plaintiff's second request for counsel is denied without prejudice.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion to vacate (Dkt. No. 30) is **GRANTED**; and it is further

**ORDERED** that plaintiff must file an **AMENDED COMPLAINT** within **FOURTEEN (14) DAYS** of the date of this Decision and Order, and, if he fails to do so, this action will be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, without further order of the Court; and it is further

**ORDERED** that plaintiff's motion for the assignment of counsel (Dkt. No. 32) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order, an updated copy of the docket, a copy of the September Order, a copy of his complaint (Dkt. No. 1), and a form complaint available for use in Section 1983 actions upon plaintiff at South Beach Psychiatric Center in accordance with the Local Rules.

Dated: June 16, 2017
         Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge